## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SHIRLEY MURPHY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 05-2229-CM** |
| ) | |
| **EDWARD S. CARROLL, M.D. and** ) | |
| **KEARNEY HEART AND LUNG** ) | |
| **SURGEONS, P.C.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### MEMORANDUM AND ORDER

Plaintiff Shirley Murphy brings this action claiming that Defendant Dr. Edward S. Carroll negligently performed a heart bypass operation on her at the Good Samaritan Hospital in Kearney, Nebraska on May 30, 2003.  In her complaint, plaintiff asserts that this court has diversity jurisdiction and that venue is proper in the District of Kansas because a substantial part of the events or omissions giving rise to the claim occurred in Kansas.

Defendants filed a motion to dismiss, claiming that this court lacks personal jurisdiction over them because they have no relevant contacts with Kansas.  In their reply brief, defendants also argue that venue is improper.  Defendants submitted an affidavit of Dr. Carroll stating the following facts: (1) Dr. Carroll is a doctor of osteopathy residing in and licensed to practice medicine in Nebraska; (2) Dr. Carroll practices medicine in Nebraska; (3) Dr. Carroll has never been licensed to practice medicine in Kansas and has never practiced medicine in Kansas; (4) Dr. Carroll has never paid taxes in Kansas; (5)  Dr. Carroll has never used or possessed real property or possessed personal property in Kansas; (6) Dr. Carroll has never

committed a tortious act in Kansas; (7) Dr. Carroll is a stockholder, officer and employee of Kearney Heart and Lung Surgeons, P.C. ("KHLS"); (8) KHLS is a professional corporation registered and existing under the laws of Nebraska; (9) KHLS's administrative offices are located in Kearney, Nebraska; (10) KHLS has never had a registered agent or office in Kansas; (11) KHLS has never been licensed or registered to do business in Kansas; (12) KHLS has never had employees or managers located in Kansas or who are Kansas residents; (13) KHLS does not send member physicians, employees or managers to Kansas to provide medical care of any kind; (14) KHLS has never paid income or property taxes in Kansas; (15) KHLS has never used or possessed real property or possessed personal property in Kansas; and (16) KHLS has never committed a tortious act in Kansas.

Plaintiff admits that she cannot controvert the affidavit of Dr. Carroll. Based on plaintiff's concession and the court's own review of the facts asserted in the affidavit, the court concludes that it lacks personal jurisdiction over defendants. This finding, however, does not require dismissal of plaintiff's claims. Plaintiff points out that 28 U.S.C. § 1406(a) provides that a court can, "in the interest of justice, transfer such case to any district or division in which it could have been brought."[1] The court need not have personal jurisdiction to transfer under § 1406; lack of personal jurisdiction is one of the procedural obstacles which may be removed by a transfer. *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967); *Elec. Realty Assocs., L.P. v. Paramount Pictures Corp.*, 935 F. Supp. 1172, 1177 (D. Kan.

---

[1] The court also notes that it may transfer the case pursuant to 28 U.S.C. § 1631. In fact, § 1631 seems to be the more appropriate statute to apply to the case at hand; the Tenth Circuit has held that "28 U.S.C. § 1631 controls the action of a federal court when it finds that it lacks jurisdiction but that another federal court has jurisdiction." *Ross v. Colo. Outward Bound Sch., Inc.*, 822 F.2d 1524, 1526 (10th Cir. 1987).

1996). A transfer of a case is favored when procedural obstacles "impede an expeditious and orderly adjudication . . . on the merits." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962).

A dismissal in this case would likely bar plaintiff from refiling her suit based on the statute of limitations. When the statute of limitations may bar the refiling of a suit, courts generally transfer cases instead of dismissing them. *See, e.g.*, *Weber v. Ideker, Inc.*, 978 F. Supp. 1419, 1420 (D. Kan. 1997); *U.S. v. Miller-Stauch Constr. Co.*, 904 F. Supp. 1209, 1214 (D. Kan. 1995); *McDonald v. Doolittle*, 885 F. Supp. 233, 235 (D. Kan. 1995).

The court has considered defendants' arguments and authorities suggesting that plaintiff is not entitled to a transfer of venue here. The court understands defendants' position that plaintiff should not profit from her failure to diligently pursue her cause of action. Nevertheless, the court, in its discretion, finds that a transfer is in the interest of justice and transfers the case pursuant to 28 U.S.C. §§ 1631 and 1406. The court finds that while this court lacks personal jurisdiction over defendants, the District of Nebraska has personal jurisdiction over them. For these reasons, the interests of justice support a transfer of this case to the United States District Court for the District of Nebraska in Omaha, Nebraska.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 3) is denied. The case is hereby transferred to the United States District Court for the District of Nebraska in Omaha, Nebraska.

Dated this  2nd day of November 2005, at Kansas City, Kansas.

                                           **s/ Carlos Murguia**
                                           **CARLOS MURGUIA**
                                           **United States District Judge**